JOHN SHLIK, APPELLEE, V. ARMOUR & COMPANY ET AL.,
APPELLANTS.

FILED OCTOBER 30, 1914.   No. 17,711.

Trial: REFUSAL OF PEREMPTORY INSTRUCTION.   Where the evidence is
insufficient to support a judgment in favor of plaintiff, it is error
to refuse a peremptory instruction for defendant.

APPEAL from the district court for Douglas county:
ABRAHAM L. SUTTON, JUDGE.   *Reversed.*

*Mahoney & Kennedy,* for appellants.

*Dysart & Dysart, contra.*

ROSE, J.

While plaintiff was engaged in icing refrigerator cars
for Armour & Company he fell from a plank used as a
bridge over a sidetrack between an elevated platform of
the icehouse and the top of a refrigerator car on a parallel
track.   This is a suit to recover resulting damages in the
sum of $20,000.   The negligence imputed to the master
is the furnishing of a plank from which a tapering splin-
ter two inches wide at one end had been split off at one
corner, leaving the plank seven inches wide at the narrow
end; it being alleged that plaintiff used it under a prom-
ise to replace it with a good one.   The master and its fore-
man are defendants.   In addition to a general denial, ex-
cept the employment and injury of plaintiff, defendants
pleaded that he was guilty of contributory negligence, and
that his injury resulted from obvious risks assumed by
him.   From judgment on a verdict in favor of plaintiff for
$1,000 defendants appeal.

The controlling question on appeal is the sufficiency of
the evidence to sustain the verdict.   It is argued that all
of the proofs are insufficient to sustain a finding that the
use of a defective plank under a promise to furnish a new
one was the proximate cause of the injury.   Lines of re-
frigerator cars, with their tops about as high as the ice-

house platform, stood on parallel side-tracks. The materials for icing were carried in heavy iron buckets suspended from grooved wheels running on overhead metal rails which approached the side-tracks at right angles and ran up and down the lines of refrigerator cars. The buckets were pushed by hand from the platform, and were turned toward the cars to be iced by means of switches under the control of the icers, who walked from the platform onto the top of cars, and from one side-track to another, and from one car to another. When there was no car adjacent to the platform, a plank was used as a bridge therefrom to the top of a car on the second track. At the time of the accident plaintiff was using a plank for that purpose, when the bucket fell and struck the plank, plaintiff falling to the track below. He testified that the plank was defective in the manner already described, and that he used it under a promise by defendants to furnish a good one. He argues that it was weakened by the defect, and that it was thus narrowed at one end to such an extent that it oscillated, throwing him off when the bucket fell upon it, thus causing the injury of which he complains. His own testimony, however, shows that he had seen the switch, which was under his control. The only proper inference from all of the evidence in the record as now presented is that he pushed the overhead wheel through an open switch under his own control, the bucket consequently falling. There is no pleading or proof that defendants were guilty of any negligent act in connection with the falling of the bucket. There is no evidence to support a finding that plaintiff would have been injured, had the bucket not fallen on the plank, or that negligence on part of the defendants in furnishing a defective plank or in failing to furnish a good one, under all the circumstances proved, was the proximate cause of the injury. There is nothing but conjecture to indicate that the negligence pleaded was the proximate cause of plaintiff's injury. Into that field the jury should not have been permitted to go. In this view of the record, the verdict is not sustained by the evidence. Instructions based on evidence

of the negligence pleaded are, therefore, necessarily erronous. There should have been a peremptory instruction for defendants.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.